IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SUSHILA GAUR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-21-3055 |
| ATTORNEY JAMES MILLIKAN, OFFICE OF PUBLIC DEFENDER, | * | |
| OFFICE OF ATTORNEY GENERAL, | * | |
| Defendants. | * | |

\*\*\*

## **MEMORANDUM OPINION**

Sushila Gaur filed the above-captioned civil rights Complaint together with a Motion for Leave to Proceed In Forma Pauperis. ECF Nos. 1, 2.

Gaur invokes this Court's federal question jurisdiction. ECF No. 1, p. 4. She states that James Millikan was her attorney and that she "expected him to respect and protect [her] modesty" but he harassed her despite her request that Millikan not touch her. ECF No. 1, p. 6. Gaur states that she is a "victim of sexual harassment." ECF No. 1, p. 7. Gaur filed a complaint with the Office of the Public Defender but did not receive any reply. ECF No. 1, p. 6. Other than naming the Office of Attorney General as a Defendant (ECF No. 1, p. 3), Gaur makes no allegations against this Defendant in the body of her Complaint. She seeks one billion dollars in damages. ECF No. 1, p. 5.

Because Gaur appears indigent, her Motion to Proceed In Forma Pauperis is granted. But because this Court lacks jurisdiction over the claims, the Complaint must be dismissed.

As Gaur proceeds in forma pauperis, this Court must review the Complaint, pursuant to 28 U.S.C. § 1915(a)(1), to ascertain whether any claims are frivolous, malicious, fail to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii). The Court must dismiss any claim that falls within these enumerated categories.

Gaur also proceeds pro se, and so the Court accepts the facts as true and construes the claims generously. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). That said, the Court may not ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The claims against all Defendants must be dismissed. District Courts are of limited jurisdiction, hearing cases or controversies as established by federal statute. Specifically, the Court retains jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005) (federal question jurisdiction); or where parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C § 1332 (diversity jurisdiction); *Stouffer Corp. v. Breckenridge,* 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp., 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v.*

*Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Turning first to whether the Complaint makes plausible the existence of federal question jurisdiction, the Court finds that it does not.  At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law.  *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014).  Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Essential to sustaining an action under § 1983 are the presence of two elements.  Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Attorneys appointed by the state or privately hired attorneys do not act under color of state law within the meaning of 42 U.S.C. § 1983.  *See Polk Cty v. Dodson*, 454 U.S. 312, 324-25 (1981) (public defenders);  *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (privately retained attorney).  Accordingly, Gaur's claims against Attorney James Millikan and the Office of Public Defender must be dismissed.

Gaur's federal claim against the Office of the Attorney General fairs no better.  Gaur has failed to allege any conduct by the Office of the Attorney General that resulted in a violation of

her rights. Liability under §1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Other than being named as a Defendant, the Office of the Attorney General not mentioned anywhere in the factual allegations of the complaint. Additionally, the Office of the Attorney General is entitled to Eleventh Amendment immunity as under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Nor does the Complaint demonstrate the existence of diversity jurisdiction. Gaur and each of the named Defendants are citizens of Maryland. The Complaint does not establish that this Court has diversity jurisdiction.

Without a jurisdictional basis for suit in federal court, Plaintiff's claims are factually and legally without merit. The federal rules require dismissal anytime there is a determination that there is no jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal is appropriate here, given the lack of federal subject-matter jurisdiction.

A separate Order follows.


   December 17, 2021_____           \_\_/s/_____
Date                                              GEORGE J. HAZEL
                                                  UNITED STATES DISTRICT JUDGE